(No. 32095.—)
ANNA TEREN, Appellant, vs. THE CITY OF CHICAGO,
Appellee.

*Opinion filed September 17, 1952—Rehearing denied Nov. 17, 1952.*

DAVID CHAIMOVITZ, of Chicago, for appellant.

JOHN J. MORTIMER, Corporation Counsel, of Chicago,
(L. LOUIS KARTON, and SYDNEY R. DREBIN, of counsel,)
for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the
court:

This is a direct appeal to this court from the superior
court of Cook County. The case is brought here upon the
ground that the constitutionality of a statute is involved.

Appellee asks that the appeal be dismissed because the record fails to show that the constitutionality of a statute is involved. Our first consideration, therefore, must be directed to the question as to whether we have jurisdiction of this appeal.

Appellant, hereafter referred to as plaintiff, filed a suit in the superior court of Cook County against appellee, the city of Chicago, a municipal corporation, hereafter referred to as defendant, seeking damages for injuries alleged to have been sustained in a fall caused by an alleged defect in a sidewalk of said city on which she was a pedestrian. The alleged injury occurred on January 31, 1946, and her complaint was filed on January 27, 1948, which is four days less than two years after the injury. The defendant filed a motion to dismiss, on the ground that the action did not accrue within the time limited by law. This motion was allowed and the suit dismissed. As the basis for its contention that plaintiff's cause of action, if any, was barred by statute, defendant relied on section 1-10 of the Cities and Villages Act, (Ill. Rev. Stat. 1951, chap. 24, par. 1-10,) which provides:

"No civil action shall be commenced in any court against any municipality by any person for any injury to his person unless it is commenced within one year from the date that the injury was received or the cause of action accrued."

Plaintiff's answer to this statute is that it is unconstitutional. Defendant contends that the constitutionality of this statute was not raised in the trial court, and plaintiff contends that since the trial court dismissed the suit on defendant's motion that it was filed too late, it necessarily follows that the trial court found the statute to be constitutional, because if it had found the statute to be unconstitutional it would have denied the motion to dismiss. There is a general statute of limitations allowing suits for damages for personal injuries to be brought at any time within two years of the date of the injury, but the above

cited statute is intended to apply only to suits against municipalities.

This court has jurisdiction on direct appeals only in certain specified cases, one of which is when the constitutionality of a statute is involved. (Ill. Rev. Stat. 1951, chap. 110, par. 199.) The assertion of counsel that a constitutional question is involved is not alone sufficient to give this court jurisdiction. Before this court will take jurisdiction, upon appeal or writ of error, upon the assertion that a constitutional question is involved, it must appear from the record that such question is actually involved, and it must be a fairly debatable question raised in good faith, and not simply pretendedly, for the purpose of giving this court jurisdiction. Even though it may appear a constitutional question was involved in the trial court, unless such question is preserved in the record and the ruling of the court thereon is assigned as error the question will not be considered by this court, but the appeal or writ of error will be dismissed. (*Griveau* v. *South Chicago City Ry. Co.,* 213 Ill. 633.) All the abstract here shows is the complaint, the motion of the defendant that the complaint be stricken, and the dismissal of the cause for the reason that "the cause of action did not accrue within the time limited by law for the commencement of an action or suit thereon." Plaintiff insists that the constitutional question was argued in the trial court and contends that it was because of his holding the statute constitutional that the trial judge allowed the motion to dismiss. The record does not show that, and it must appear of record to preserve such question for appeal to this court.

Plaintiff contends that her suit, filed within two years instead of one, was in direct derogation of the one-year special statute of limitations and ignored that statute on the theory that it was unconstitutional and void. Hence the filing of such suit and the subsequent motion to dismiss presented the constitutional question squarely to the court.

In support of her contention plaintiff cites the case of *Shepherd* v. *City of Sullivan*, 166 Ill. 78. This case involved an action in debt for the recovery of the amount of a special tax levied upon certain city lots for the construction of an abutting cement sidewalk. The amended declaration set out an ordinance providing that should the sidewalk be constructed by the city, the cost should be assessed against the owners of the abutting lots. The statute upon which this ordinance was based had previously been declared unconstitutional in *Craw* v. *Village of Tolono*, 96 Ill. 255. To this declaration, a general demurrer going to the substance of the declaration and its sufficiency in law was filed and sustained. Because of this action by the court in that case, the plaintiff here contends that when the defendant filed a motion to strike the complaint and dismiss the cause such motion operated as a general demurrer and thus raised the constitutionality of this special statute of limitations. Petitioner fails, however, to observe that the Civil Practice Act (Ill. Rev. Stat. 1951, chap. 110, par. 169,) abolished all demurrers and substituted therefor a motion which may only be in the nature of a special demurrer specifically pointing out the defect of which the motion complains. There exists no motion in the nature of a general demurrer. The only defect complained of by this motion to strike and dismiss was that the cause of action did not accrue within the time limited by law. That being the only defect specifically pointed out, that is the only basis on which the court could, and did, sustain the motion. It is obvious that the language of the *Shepherd case* can no longer have any such application as is contended by the plaintiff. Moreover, no constitutional question was actually involved in that proceeding.

She also cites the case of *People* v. *Blue Mountain Joe*, 129 Ill. 370, but there the record clearly showed that the constitutionality of a statute was involved, because the trial judge excluded certain material evidence upon the specific

ground that the statute sued on was unconstitutional. As this record stands there is not the slightest indication that the constitutional question was raised or argued in the court below or that the constitutionality of the statute was passed on by the trial court. It is as easy to assume that the plaintiff erred as to infer that the question was raised by indirection, where the record is as barren as it is here. The jurisdiction of this court is not to be lightly invoked nor its limits arbitrarily extended.

It is required that when a case is wrongly appealed to this court, it shall be the duty of this court to transfer the appeal to the Appellate Court. (Ill. Rev. Stat. 1951, chap. 110, pars. 210 and 259.47.) No question, however, other than the constitutional objection is presented for decision. Under such circumstances no useful purpose could be served by transferring such a cause to the Appellate Court, and a dismissal may properly be had. (*De La Cour* v. *De La Cour*, 363 Ill. 545.) Accordingly, this appeal is dismissed.

*Appeal dismissed.*