GORDON CUNDIFF, d/b/a Dimensional Services Company, Plaintiff-Appellant, *v.* LEONARD B. UNSICKER *et al.*, Defendants-Appellees.

Third District   No. 3—83—0082

Opinion filed September 19, 1983.—Rehearing denied October 20, 1983.

John A. Slevin and Stephen A. Kouri, both of Vonachen, Cation, Lawless, Trager & Slevin, of Peoria, for appellant.

Robert W. Bach and James R. Grebe, both of Goldsworthy & Fifield, of Peoria, for appellee American Mutual Insurance Company.

Ralph Schroeder, of Livingston, Barger, Brandt & Schroeder, of Bloomington, for appellees Leonard B. Unsicker and Unsicker Insurance Agency, Ltd. II.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

The plaintiff, Gordon Cundiff, appeals from an order dismissing his three-count complaint against the defendants, Leonard B. Unsicker, Unsicker Agency, and American Mutual Insurance (American). The trial court dismissed the complaint as being not timely filed under the appropriate statute of limitations.

The plaintiff's cause of action is based upon an insurance policy issued to him by American through insurance agent Unsicker. The plaintiff owned a company whose business was the sale of burial space. In 1972, the plaintiff applied to American through Unsicker for worker's compensation insurance. American issued an insurance policy to the plaintiff, but the premium rate charged the plaintiff was for a business whose employees were gravediggers rather than grave salespeople. The plaintiff did not become aware of this error in premium rates until February 1980. The instant suit was filed on January 26, 1982, to recover the excess premium.

The plaintiff's original complaint set forth one count in negligence against the defendant American and one count in negligence against the defendant Unsicker. This complaint was dismissed as being barred by the five-year statute of limitations for actions sounding in tort. The plaintiff's first amended complaint, which also stated a cause of action sounding in tort, was similarly dismissed. The plaintiff then filed a second amended complaint (hereafter the complaint). This complaint was dismissed on motions by the defendants as being "not timely filed." It is from this order granting the defendants' motions to dismiss that the plaintiff now appeals.

Counts I and II of the complaint name only American as the defendant. The plaintiff asserts the counts I and II set forth a cause of action based on a theory of breach of a written contract. If counts I and II are based upon a written contract, then the relevant limitations period is 10 years. The defendant argues, however, that the causes of action are based on a tort theory and therefore are barred under the relevant five-year limitation.

■ The statute of limitations cannot be raised by a motion to dismiss unless it affirmatively appears from the complaint that the action is barred. (*Burnett v. West Madison State Bank* (1940), 375 Ill. 402, 31 N.E.2d 776.) Count I alleges a written offer, an acceptance, the issuance of a policy, and a breach of the resulting agreement. Count II alleges an offer, the issuance of a policy, and mutual mistake as to the resulting agreement. Both of these counts on their face set forth a cause of action based upon the written contract between the

parties.

■ The limitation for an action on a written contract is 10 years. (Ill. Rev. Stat. 1981, ch. 83, par. 17, now codified at Ill. Rev. Stat. 1981, ch. 110, par. 13—206.) The complaint recites that the application for insurance was submitted to American on November 14, 1972. Therefore, the earliest date on which the limitation period began to run was November 14, 1972. The plaintiff's original complaint was filed in January of 1982. It was apparent from the face of the second amended complaint that the complaint was filed within the 10-year period. The issue of whether the complaint was filed within the limitation period was therefore not properly raised on a motion to dismiss. The trial court erred in granting American's motion to dismiss.

■ American argues that the allegation that the plaintiff "first became aware of the error in 1980" demonstrates that the cause of action set forth in the complaint is based upon a tort theory of recovery. A similar argument was made by the defendant in *Board of Education v. Del Biano & Associates, Inc.* (1978), 57 Ill. App. 3d 302, 372 N.E.2d 953. The plaintiff Board filed a two-count complaint against an architectural firm, with one count sounding in contract and the other in tort. The count based upon a tort theory was dismissed as not timely filed. The defendant argued that the count based upon breach of contract should have also been dismissed because it contained an allegation appropriate only to a negligence theory. The court reasoned that where both a tort and contract cause of action arise from the same facts, the plaintiff is free to proceed with either theory. The court held that although the plaintiff's complaint contained "words of negligence," the use of such terminology did not preclude the plaintiff's action on the contract.

In the instant case, the plaintiff proceeded with a cause of action based upon the contract rather than the tort. Like the court in *Board of Education v. Del Bianco & Associates, Inc.* (1978), 57 Ill. App. 3d 302, 372 N.E.2d 953, we find the allegation in the plaintiff's complaint does not preclude the plaintiff's action on the contract.

■ American argues alternatively that count II is an action in equity and is barred under the doctrine of *laches*. "Laches is also an affirmative defense and before a party can rely on the doctrine of laches, he must plead and prove not only unreasonable delay but prejudice resulting therefrom." (*Conway v. Conners* (1981), 101 Ill. App. 3d 121, 129, 427 N.E.2d 1015, 1021.) American did not plead or prove either unreasonable delay or prejudice in the trial court.

■ We therefore hold that the trial court erred in granting the defendant American's motion to dismiss counts I and II of the plain-

tiff's complaint.

■ As to count III of the complaint, we find that the trial court properly granted the defendant Unsicker's motion to dismiss. The cause of action stated in count III is based upon negligence. The date on which the limitations period began to run was November 14, 1982. The statutory limitation on the commencement of this action is five years. (Ill. Rev. Stat. 1981, ch. 83, par. 16, now codified at Ill. Rev. Stat. 1981, ch. 110, par. 13—205.) It is apparent from the complaint that count III of the complaint was not timely filed. Further, this issue was properly raised by the defendant's motion to dismiss.

The plaintiff argues that the "discovery rule" should be applied in the instant case, so that the limitation runs from the date the error was discovered (February of 1980), rather than the date the error occurred (November of 1972). The plaintiff seeks to invoke the discovery rule in order to avoid the limitations problem which is apparent on the face of the complaint.

■ When a defendant raises the statute of limitations in a motion to dismiss it becomes incumbent upon a plaintiff to set forth facts sufficient to avoid the statutory limitation. (*Cutsinger v. Cullinan* (1979), 72 Ill. App. 3d 527, 391 N.E.2d 177.) Under the discovery rule, the statutory limitation period is computed from the time at which the plaintiff knew or should have known of the existence of the right to sue. (*Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.* (1975), 61 Ill. 2d 129, 133, 334 N.E.2d 160, 162.) A plaintiff seeking to take advantage of the discovery rule must plead that the cause of action remained unknown to the plaintiff. (*Waterford Condominium Association v. Dunbar Corp.* (1982), 104 Ill. App. 3d 371, 432 N.E.2d 1009; *Pratt v. Sears Roebuck & Co.* (1979), 71 Ill. App. 3d 825, 390 N.E.2d 471.) In reaching its decision on a motion to dismiss for untimely filing, the trial court looks to pleadings, affidavits and other proofs presented by the parties. *Myers v. Centralia Cartage Co.* (1981), 94 Ill. App. 3d 1139, 419 N.E.2d 465.

■ In the instant case, the court had only the complaint and motion to dismiss before it. The facts of the complaint clearly showed that the five-year limitation period had run. Once the defendant challenged the timeliness of count III in a motion to dismiss, it became incumbent upon the plaintiff to plead facts in avoidance of the statute of limitations. The plaintiff sought to avoid the statutory limit through application of the discovery rule. We conclude that it was incumbent in this situation for the plaintiff to set forth facts in the complaint sufficient to establish a basis for application of the discovery rule.

The plaintiff alleged only that he first learned of the defendant's negligence in February of 1980 and that it was not reasonable for him to do so earlier. The facts in the complaint demonstrate that the contract between the plaintiff and American was in effect for over seven years before the plaintiff discovered the negligence of the defendant Unsicker. We find that the facts pleaded in the complaint are insufficient to warrant application of the discovery rule.

The judgment of the circuit court of Peoria County is reversed as to counts I and II of the complaint and affirmed as to count III of the complaint. The cause is remanded for further proceedings consistent with this opinion.

Affirmed in part and reversed in part; cause remanded.

BARRY and SCOTT, JJ., concur.