RAMONA PUMALA, Plaintiff-Appellant, v. STEPHEN SIPOS, M.D., Defendant-Appellee.

Second District   No. 84—239

Opinion filed March 26, 1985.

Margaret A. McGuire, of Leonard M. Ring & Associates, of Chicago, for appellant.

Robert Marc Chemers, of Pretzel & Stouffer, Chartered, of Chicago, for appellee.

JUSTICE SCHNAKE delivered the opinion of the court:

The plaintiff appeals from an order of the trial court denying her motion to reconsider an order granting the defendant's motion to dismiss. Defendant's motion raised the statute of limitations against plaintiff's amended complaint, which sounded in medical malpractice. The complaint named 11 defendants, but this appeal involves only the claim against Dr. Stephen Sipos.

The issue on appeal is this: Where a complaint designates a date when the alleged cause of action accrued, is dismissal proper where the defendant affirmatively raises a different date and supports this contention by affidavit, no counteraffidavit being filed, nor any motion otherwise attacking the motion to dismiss.

The plaintiff's complaint was filed on July 29, 1983, and her amended complaint alleged that between September 1973 and May 1981 she was a patient of Dr. Sipos and that as a result of his negligence (failure to diagnose) her leg had to be amputated because of cancer. There was a further allegation that plaintiff did not learn of her condition until August 1981. The complaint contains the standard and usual allegations found in a medical malpractice cause of action, and the separate allegations that defendant "failed to see plaintiff when she called requesting an appointment for the condition of her right leg when defendants knew that periodic examinations were necessary"; and "negligently abandoned the plaintiff during the course of treatment ***." A separate count of the amended complaint asserts that the defendant is estopped from raising the statute of limitations as a bar to plaintiff's claim. This allegation is not germane to this appeal.

The applicable statute provides that:

"Physician or hospital. No action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence

alleged in such action to have been the cause of such injury or death except as provided in Section 13—215 of this Act." Ill. Rev. Stat. 1983, ch. 110, par. 13—212.

Defendant's motion to dismiss, laid under section 2—619 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—619) raised the limitations defense and filed in support thereof the defendant's affidavit, stating "he last had professional contact of any nature with the plaintiff *** on June 19, 1978." No counteraffidavit was filed by the plaintiff, nor any motion to strike the motion or affidavit of the defendant.

We are called upon to decide whether the motion procedure followed by defendant was proper.

■ The amended complaint alleges treatment of plaintiff by defendant up to May 1981. We hold that this constitutes a proper and sufficient designation of time and can be considered a well-pleaded fact. Only where a bar to the statute of limitations affirmatively appears from the face of the complaint may the issue be raised by a 2—619 motion. *Conway v. Conners* (1981), 101 Ill. App. 3d 121, 427 N.E.2d 1015.

The cases cited by defendant do not support his position. In *Millsaps v. Bankers Life Co.* (1976), 35 Ill. App. 3d 735, 342 N.E.2d 329, although a motion to dismiss and supporting affidavit were there filed, the limitations issue could there be determined by the court from consideration of the date on which an amended complaint was filed and from the factual allegations contained therein. No controverted issue of fact existed. And in *Cundiff v. Unsicker* (1983), 118 Ill. App. 3d 268, 270, 454 N.E.2d 1089, where a motion to dismiss had been granted by the trial court, the dismissal was reversed on appeal, the court saying: "The statute of limitations cannot be raised by a motion to dismiss unless it affirmatively appears from the complaint that the action is barred. (*Burnett v. West Madison State Bank* (1940), 375 Ill. 402, 31 N.E.2d 776.)"

■ Although the sufficiency of Dr. Sipos' affidavit was not challenged by motion, it appears doubtful that his affidavit sets forth with sufficient particularity the facts upon which the defense is based, nor does it avoid conclusions, and thus does not comply with Supreme Court Rule 191(a) (87 Ill. 2d R. 191(a)). Nevertheless, defendant urges us to hold that because plaintiff did not move to strike defendant's motion the impropriety of the procedure has been waived. (*Keeran v. Wahl Co.* (1943), 320 Ill. App. 457, 51 N.E.2d 598.) We do not so hold. While defendant's motion was not challenged by a motion to strike, the point was contested by way of argument in response to the motion.

848

Lastly, we would note that the case at bar, unlike *Anguiano v. St. James Hospital* (1977), 51 Ill. App. 3d 229, 366 N.E.2d 930, in no way involves a summary judgment motion. In that case, the limitations defense was successfully and properly presented upon a motion for summary judgment together with supporting affidavits and depositions. In short, defendant's use here of a 2—619 motion to dismiss was improper, and the court below erred in granting it.

The order of the trial court dismissing plaintiff's complaint is reversed, and the cause is remanded for further appropriate proceedings.

Reversed and remanded.

LINDBERG and UNVERZAGT, JJ., concur.