BARBER-COLMAN COMPANY, Plaintiff-Appellant, v. A AND K MID-
WEST INSULATION COMPANY, a/k/a Midwest Insulation, *et al.*, Defend-
ants-Appellees.

Fifth District No. 5—91—0387

Opinion filed November 13, 1992.

GOLDENHERSH, P.J., specially concurring.

J.C. Mitchell and Stephen R. Green, both of Mitchell & Armstrong, Ltd., of Marion, for appellant.

Edward J. Heller, of Reed, Heller & Mansfield, of Murphysboro, for appellees.

JUSTICE CHAPMAN delivered the opinion of the court:

Barber-Colman Company (Barber-Colman) filed a two-count complaint against the defendants on February 21, 1991. Count I alleged that A & K Midwest Insulation Company (A&K) breached its contract with Barber-Colman by refusing to pay for work performed. Count II was an action upon a bond posted on behalf of A&K by United States Fidelity & Guaranty Company (Guaranty Company).

Guaranty Company filed a section 2—619(5) motion (Ill. Rev. Stat. 1991, ch. 110, par. 2—619(5)) to dismiss count II on the basis that it was untimely filed and attached two affidavits in support of its motion. The motion stated that suit on the bond was filed February 21, 1991, and that in order to qualify under the terms of the bond A&K must have worked on the construction project after February 21, 1990. The supporting affidavits of A&K's president and the president of the subcontractor on the project state that A&K ceased work months prior to February 21, 1990. The trial court dismissed count II. Barber-Colman filed a motion to vacate but filed no counteraffidavits or other material to controvert defendant's affidavits. The trial court denied the motion to vacate, and plaintiff appeals.

Plaintiff contends that section 2—619 of the Code of Civil Procedure (Code) cannot be used to raise a statute of limitations defense unless the defect appears upon the face of the pleadings. Plaintiff also argues that motions to dismiss admit factual allegations and that since it alleged, "This suit was not filed after the expiration of one (1) year following the date on which the principal ceased work on the

Contract ***," this allegation must be deemed admitted for purposes of the motion, an admission which defeats the motion. We disagree with each of these arguments. In order to explain our ruling, we will discuss motions to dismiss brought under Code sections 2—615 and 2—619 and motions for summary judgment brought pursuant to Code section 2—1005 (Ill. Rev. Stat. 1991, ch. 110, pars. 2—615, 2—619, 2—1005).

### SECTION 2—615

On January 1, 1934, section 45 of the Civil Practice Act abolished general demurrers. (See *Triangle Sign Co. v. Randolph & State Property, Inc.* (1957), 16 Ill. App. 2d 21, 147 N.E.2d 451.) A demurrer was a pleading by a defendant which admitted that the matters of fact alleged in the complaint were true but contended that they were insufficient for the plaintiff to proceed upon or to oblige the defendant to answer. (Black's Law Dictionary 389 (5th ed. 1979).) Section 45 later became section 2—615 of the Code of Civil Procedure with no substantive change. Ill. Ann. Stat., ch. 110, par. 2—615, Historical & Practice Notes, at 408 (Smith-Hurd 1983); see also *Teren v. City of Chicago* (1952), 413 Ill. 141, 108 N.E.2d 476.

█ A motion to dismiss under section 2—615 attacks only the legal sufficiency of the complaint. (*Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 312 N.E.2d 605.) Such a motion, as opposed to a section 2—619 motion, does not raise affirmative defenses. A section 2—615 motion attacks only defects apparent on the face of the complaint. (*Urbaitis v. Commonwealth Edison* (1991), 143 Ill. 2d 458, 475, 575 N.E.2d 548, 555; see Ill. Ann. Stat., ch. 110, par. 2—619, Historical & Practice Notes, at 662 (Smith-Hurd 1983).) A significant difference between section 2—615 motions, as compared to section 2—619 motions, and motions for summary judgment is that a section 2—615 motion is based on the pleadings rather than on the underlying facts. Accordingly, affidavits (*Hofner v. Glenn Ingram & Co.* (1985), 140 Ill. App. 3d 874, 489 N.E.2d 311), the products of discovery (*Dunn v. Baltimore & Ohio R.R. Co.* (1987), 162 Ill. App. 3d 97, 515 N.E.2d 1027), documentary evidence not incorporated into the pleadings as exhibits (*Maas v. Cohen Associates, Inc.* (1983), 112 Ill. App. 3d 191, 445 N.E.2d 517), testimonial evidence (*Maas*, 112 Ill. App. 3d 191, 445 N.E.2d 517), or other evidentiary materials (*Baughman v. Martindale-Hubbell, Inc.* (1984), 129 Ill. App. 3d 506, 472 N.E.2d 582) may not be considered by the court in ruling on a section 2—615 motion. (See also 3 R. Michael, Illinois Practice §27.4, at 504-05 (1989) (hereinafter Illinois Practice).) A basic premise of a

section 2—615 motion is that it accepts, for purposes of the motion, that all well-pled facts in the complaint are true.

■ There are six bases for attacking pleadings under section 2—615:

(1) that the pleading be made more definite and certain;

(2) that designated immaterial matter be stricken;

(3) that necessary parties be added or misjoined parties be dismissed;

(4) that the pleading fails to allege essential elements in the cause of action;

(5) that the pleadings fail to state a claim upon which relief may be granted; and

(6) that the pleadings entitle the moving party to judgment.

(Ill. Rev. Stat. 1991, ch. 110, par. 2—615; see LaSusa & Heinrich, *Pre-trial Motions Under Sections 2—615 & 2—619*, 3 C.B.A. Rec. 32 (Nov. 1989).) None of these bases require the movant to provide any factual matter to the court in order to prevail. The question presented by a motion to dismiss under section 2—615 is whether sufficient facts are contained in the pleadings which, if proved, would entitle the plaintiff to relief. *Urbaitis*, 143 Ill. 2d at 475, 575 N.E.2d at 555.

SECTION 2—1005

■ If a motion challenging the pleadings may be determined solely from the face of the pleadings, a section 2—615 motion is appropriate. If matters not apparent on the face of the pleadings must be considered to decide the motion, that is, if the defect challenged lies in the underlying facts rather than in the pleadings, a motion for summary judgment under section 2—1005 is the proper tool. 3 Illinois Practice §27.1, at 485-86.

Turning to summary judgment motions, Illinois Practice furnishes historical background:

"Summary judgment motions did not exist at common law. *** The common law motions could not go behind the pleadings, and all well pleaded allegations had to be accepted at face value. ***

*** The need for a motion that could challenge the allegations of a pleading and establish that one or more of them was so clearly unfounded in fact that a trial would be a useless expenditure of limited resources, became obvious. ***

*** Summary judgments themselves were first established by statute in England in 1855, but were limited to claims on bills of exchange or promissory notes. ***

\*\*\*

In Illinois, a motion for summary judgment was first recognized when the Civil Practice Act was adopted in 1933. The motion was extended so that it could be filed by defendants as well as by plaintiffs in a 1941 amendment. Prior to a revision in 1955, however, the motion was applicable only in contract actions, actions on a judgment for the payment of money, actions to recover possession of land, and actions to recover possession of specific chattels. In 1955, authority for the entry of summary judgments was extended to all civil cases. The 1955 amendment established summary judgment practice in Illinois in the form it possesses today." 4 Illinois Practice §38.1, at 218-20.

Currently, the Code provides that these motions may be made "with or without supporting affidavits" (Ill. Rev. Stat. 1991, ch. 110, pars. 2—1005(a),(b)); that the party opposing the motion may file opposing affidavits at the time of the hearing or on any earlier occasion (Ill. Rev. Stat. 1991, ch. 110, par. 2—1005(c)); and that the motion is to be granted "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law" (Ill. Rev. Stat. 1991, ch. 110, par. 2—1005(c)). The fact that the summary judgment motion may be made "with or without" supporting affidavits does not suggest that the motion may be used as a substitute for a section 2—615 motion to raise defects appearing on the face of the pleading. (4 Illinois Practice §38.5, at 229.) The Illinois Supreme Court noted that a section 2—615 motion to dismiss raises "an inquiry into whether a pleading is sufficient to state a cause of action," while a summary judgment motion "almost necessarily assumes that a cause of action has been stated and proceeds to determine whether there are any material issues of fact to be tried." *Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 406, 312 N.E.2d 605, 609.

■ In determining the existence of a genuine issue of material fact, courts must consider the pleadings, depositions, admissions, exhibits, and affidavits on file in the case and must construe them strictly against the movant and liberally in favor of the opponent. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 240, 489 N.E.2d 867, 871.) The purpose of the summary judgment procedure is not to decide the facts but to ascertain whether a factual dispute exists. (*Haberer v. Village of Sauget* (1987), 158 Ill. App. 3d 313, 511 N.E.2d 805.) If a party moving for summary judgment supplies facts which, if not contra-

dicted, would entitle the party to a judgment as a matter of law, the opposing party cannot rely on its pleadings alone to raise issues of material fact. (*Heidelberger v. Jewel Cos.* (1974), 57 Ill. 2d 87, 92-93, 312 N.E.2d 601, 604; *Carruthers v. B.C. Christopher & Co.* (1974), 57 Ill. 2d 376, 380, 313 N.E.2d 457, 459; *Purtill*, 111 Ill. 2d at 240-41, 489 N.E.2d at 871.) Thus, facts contained in an affidavit in support of a motion for summary judgment which are not contradicted by counteraffidavit must be taken as true for purposes of the motion. (*Purtill*, 111 Ill. 2d at 241, 489 N.E.2d at 871-72.) The party opposing the motion need not prove her case to defeat the motion; however, she must present some factual basis which would arguably entitle her to judgment. (*Yusuf v. Village of Villa Park* (1983), 120 Ill. App. 3d 533, 458 N.E.2d 575; *Martin v. 1727 Corp.* (1983), 120 Ill. App. 3d 733, 458 N.E.2d 990.) Failure of the party opposing the motion to file counteraffidavits does not mean that the motion is to be automatically granted. Rather, it means that all the facts, as distinguished from conclusions, in the movant's affidavits are uncontradicted and must be accepted as true for purposes of the motion. *Purtill*, 111 Ill. 2d 229, 489 N.E.2d 867; *Carruthers v. B.C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457; *Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 272 N.E.2d 497.

■ Courts should be cognizant of the fact that opponents of motions under section 2—1005 or section 2—619 may require time to respond to the affidavits filed in support of such motions. Supreme Court Rule 191(b) (134 Ill. 2d R. 191) provides the procedure for continuing a motion if evidence needed to oppose it is unavailable. See also Quinn, *What You Should Know About Summary Judgment Motions Under Section 2—1005*, 4 C.B.A. Rec. 17 (Feb. 1990).

SECTION 2—619

■ Section 2—619 affords an avenue between the completely legal bases of section 2—615 motions and the completely factual bases of section 2—1005. In fact, at the time of the 1955 revision of the Civil Practice Act, the Joint Committee considered abolishing section 2—619 motions because matters under 2—619 which appear on the face of the pleadings can usually be reached by a motion under section 2—615 and matters covered by section 2—619 beyond the pleadings may be reached by a motion for summary judgment. (Ill. Ann. Stat., ch. 110, par. 2—619, Historical & Practice Notes, at 662-63 (Smith-Hurd 1983).) The committee resolved, however, to retain it:

> "[The section] was widely and successfully used, particularly outside Cook County. For that reason, the Committee put aside

theoretical objections to the partial duplication between the predecessors of sections 2—615, 2—619 and 2—1005, retained section 2—619 and even expanded it rather materially." Ill. Ann. Stat., ch. 110, par. 2—619, Historical & Practice Notes, at 663 (Smith-Hurd 1983).

A section 2—619 motion provides a means of disposing not only of issues of law but also of easily proven issues of fact. (*Williams v. Board of Education* (1991), 222 Ill. App. 3d 559, 562, 584 N.E.2d 257, 260.) Motions to dismiss under section 2—619 involve essentially a summary judgment procedure (see *Ralston v. Casanova* (1984), 129 Ill. App. 3d 1050, 473 N.E.2d 444), but they differ from summary judgment motions in five important respects:

"(1) they are defensive in nature and may be interposed only by a party who is opposing a cause of action; (2) they must be filed prior to that defendant's answer; (3) they may not be used to contest the essential allegations of the complaint, but may be used only to assert affirmative matter; (4) they allow a determination of the motion on the merits even if there is a genuine issue of material fact raised by the affirmative matter *as long as the party opposing the motion has not filed a jury demand*; and (5) they need not be accompanied by supporting material if the affirmative matter appears on the face of the complaint." (Emphasis added.) 4 Illinois Practice §38.3, at 224.

■ Section 2—619 allows for the dismissal of an action based on one of nine specified defenses:

"(1) That the court does not have jurisdiction of the subject matter of the action, provided the defect cannot be removed by a transfer of the case to a court having jurisdiction.

(2) That the plaintiff does not have legal capacity to sue or that the defendant does not have legal capacity to be sued.

(3) That there is another action pending between the same parties for the same cause.

(4) That the cause of action is barred by a prior judgment.

(5) That the action was not commenced within the time limited by law.

(6) That the claim set forth in the plaintiff's pleading has been released, satisfied of record, or discharged in bankruptcy.

(7) That the claim asserted is unenforceable under the provisions of the Statute of Frauds.

(8) That the claim asserted against defendant is unenforceable because of his or her minority or other disability.

(9) That the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." (Ill. Rev. Stat. 1991, ch. 110, pars. 2—619(a)(1) through (a)(9).)

It should be noted that only infrequently (a statute of limitation is one possibility) will the defect for any of these bases for dismissal appear on the face of the pleadings. Consequently, the defendant will almost always be attaching affidavits or other material in support of section 2—619 motions. Two questions arise when this procedure is followed: (1) Should the affidavits attached to section 2—619 motions be used to attack the factual sufficiency of *the claim*, as they would under section 2—1005? and (2) Is a defendant in a section 2—619 motion forced to admit all well-pleaded facts supporting *the claim*, at least for purposes of the motion, even though it has filed affidavits in support of its motion? In our judgment, the answer to the first question is no, and the answer to the second question is yes, but the defendant admits only those facts which are necessary to the claim.

■■ Some further explanation may be necessary and, if not necessary, hopefully at least helpful. If a defendant wishes to challenge the factual sufficiency of a plaintiff's claim, the summary judgment motion is the proper vehicle. As the supreme court pointed out, the summary judgment motion

"almost necessarily assumes that a cause of action has been stated and proceeds to determine whether there are any material issues of fact to be tried." (*Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 406, 312 N.E.2d 605, 609.)

The affidavits filed by a defendant in support of a summary judgment motion, which contest the allegations in plaintiff's complaint, are specifically challenging the truth of these charges. The defendant is essentially saying, "We would agree that if what the plaintiff claims is true, he states a cause of action; but what he claims is not true, and here are affidavits that establish the lack of truth of his claims."

A section 2—619 motion and its accompanying affidavits, however, are not attacking the factual basis of the plaintiff's claim; they are asserting "other affirmative matter avoiding the legal effect of or defeating the claim." Ill. Rev. Stat. 1991, ch. 110, par. 2—619(a)(9).

It is only in the context of the plaintiff's *claim* that it is proper to state that a defendant in a section 2—619 motion admits all well-pleaded facts. The defendant does not admit the truth of any allegations in plaintiff's complaint that may touch on the affirmative matters raised in the 2—619 motion.

This latter assertion should present no problem in most cases since plaintiffs do not typically plead facts that are unnecessary to their claim. If such facts are pled, however, and if they are challenged by a section 2—619 motion with accompanying affidavits, the defendant is not required to, and does not, admit their truth even for purposes of the motion. To give an example somewhat removed from this case, consider a contract action in which the defendant contends that there is an identical action pending. The plaintiff in such a case would not ordinarily plead that there was no other action pending; that matter would be raised by the defendant under section 2—619(a)(3). If, however, for some reason the plaintiff had pled that there was no other action pending, and the defendant filed a section 2—619 motion accompanied by affidavits and a certified copy of the pleadings in the other case, the defendant should certainly not be deemed to have admitted that there was no other action pending.

The importance of the earlier emphasis on the words "the claim" now becomes apparent. If the facts alleged in the complaint are the basis of the claim, the section 2—619 motion admits them. If, however, the allegations are not a part of the claim and, most particularly, if they challenge the affirmative factual matters raised by the section 2—619 motion, they are not admitted.

Another example, this one closer to home, may be helpful. Assume a well-pled personal injury complaint which alleges that the plaintiff was hurt on January 1, 1987, and assume the complaint bears a filing date of March 1, 1989. Assume that a section 2—619 motion is filed raising a statute of limitations defense and that plaintiff then amends the complaint to include an allegation that "the statute of limitations did not begin to run until January 1, 1988, when the plaintiff reached her majority." Note that this new allegation is not necessary to support the plaintiff's claim; it has nothing to do with plaintiff's claim; it could have been and was omitted from plaintiff's original complaint without affecting its legal sufficiency in any way. If the defendant now files another section 2—619 motion, and this motion is accompanied by affidavits and a certified birth certificate of the plaintiff showing a birth date of June 6, 1910, he should certainly not be deemed to have admitted the truth of plaintiff's new allegations. If the plaintiff responds with affidavits and a birth certificate which challenge the defendant's materials, the court is faced with a dispute that it should resolve under section 2—619(c):

"(c) If, upon the hearing of the motion, the opposite party presents affidavits or other proof denying the facts alleged or establishing facts obviating the grounds of defect, the court

may hear and determine the same and may grant or deny the motion. If a material and genuine disputed question of fact is raised the court may decide the motion upon the affidavits and evidence offered by the parties, or may deny the motion without prejudice to the right to raise the subject matter of the motion by answer and shall so deny it if the action is one in which a party is entitled to a trial by jury and a jury demand has been filed by the opposite party in apt time." (Ill. Rev. Stat. 1991, ch. 110, par. 2—619(c).)

If, however, the plaintiff does not respond to the defendant's affidavits, then the materials therein are to be accepted as true for purposes of the motion.

As a final example, the plaintiff could anticipatorily plead an exception to an affirmative defense, the minority of the plaintiff, for instance. Such pleadings are not uncommon in cases involving discovery exceptions to the statute of limitations, but the fact that an exception is pled anticipatorily does not entitle it to any different treatment. An exception to the statute of limitations (section 2—619(a)(5)), a claim of fraud to void a release (section 2—619(a)(6)), or a difference in the claims of a similar pending case (section 2—619(a)(3)) may all defeat a section 2—619 motion, but none of them are elements in the claim of the plaintiff, and none of them are admitted by a section 2—619 motion.

To summarize this analysis:

(1) a defendant's section 2—615 motion admits the truth of the facts alleged in support of *the claim* but denies the legal sufficiency of those facts;

(2) a defendant's section 2—1005 motion admits the legal sufficiency of *the claim* but denies the truth of the facts alleged; and

(3) a section 2—619 motion admits both the truth of the facts alleged in support of *the claim* and the legal sufficiency of *the claim*, but it raises affirmative matters which it asserts defeat the claim, and as to those affirmative matters, there is no admission of either truth or sufficiency.

See Professor Michael's excellent discussion of this issue in 4 Illinois Practice §41.2, at 296-98.

Plaintiff relies upon the following statement of the supreme court in *Burnett v. West Madison State Bank* to argue that section 2—619 could not be used in this case:

"It is a well-established principle of pleading that the Statute of Limitations can not be raised by *a demurrer or motion to*

*strike* unless it affirmatively appears from the pleadings attacked, that the cause of action is barred by the particular section of the Limitations act being interposed as a defense." (Emphasis added.) (*Burnett v. West Madison State Bank* (1940), 375 Ill. 402, 408, 31 N.E.2d 776, 779.)

The quoted statement from *Burnett* has been repeated on more than one occasion and by more than one district. (See *Conway v. Conners* (1st Dist. 1981), 101 Ill. App. 3d 121, 427 N.E.2d 1015; *Cundiff v. Unsicker* (3d Dist. 1983), 118 Ill. App. 3d 268, 454 N.E.2d 1089; *Pumala v. Sipos* (2d Dist. 1985), 131 Ill. App. 3d 845, 476 N.E.2d 462.) It is unclear whether the motion in *Burnett* was based on section 2—615 or section 2—619 or their respective predecessors, but the emphasized language suggests that it was based on section 2—615. (See Ill. Ann. Stat., ch. 110, par. 2—615, Joint Committee Comments [1955], at 407 (Smith-Hurd 1983) ("This is section 45 of the former act, with some revision. The title has been changed, because *demurrers* have not been used since the enactment of the Civil Practice Act of 1933." (Emphasis added)).) If *Burnett* was decided on a section 2—615 motion, there is nothing surprising in its holding because all section 2—615 motions are limited to what is contained in the pleadings. Neither *Conway* nor *Cundiff* indicates which section the defendant was proceeding under, and consequently they are of little help in this discussion.

*Pumala*, however, was clearly decided upon a section 2—619 motion:

"Only where a bar to the statute of limitations affirmatively appears from the face of the complaint may the issue be raised by a 2—619 motion." (*Pumala*, 131 Ill. App. 3d at 847, 476 N.E.2d at 463.)

*Pumala* reversed the trial court's ruling which had allowed defendant's section 2—619 motion, and it framed the issue as follows:

"Where a complaint designates a date when the alleged cause of action accrued, is dismissal proper where the defendant affirmatively raises a different date and supports this contention by affidavit, no counteraffidavit being filed, nor any motion otherwise attacking the motion to dismiss." *Pumala*, 131 Ill. App. 3d at 846, 476 N.E.2d at 462.

Not surprisingly, the plaintiff relies heavily not only upon *Burnett* but also upon *Pumala*. As we have indicated, the reliance upon *Burnett* is misplaced since *Burnett* was probably discussing a section 2—615 motion. Interestingly, *Pumala* cites *Burnett, Conway*, and *Cundiff* in support of its extension of the *Burnett* language to section

2—619 motions, but as we have indicated, none of the three was clearly based on section 2—619, and at least *Burnett* was more probably based on section 2—615.

We are aware of cases that contain similar language. (See *Cain v. American National Bank & Trust Co.* (1975), 26 Ill. App. 3d 574, 325 N.E.2d 799; *Rowan v. Novotny* (1987), 157 Ill. App. 3d 691, 510 N.E.2d 1111; *Austin View Civic Association v. City of Palos Heights* (1980), 85 Ill. App. 3d 89, 405 N.E.2d 1256.) *Cain* involved a motion brought under section 45, the predecessor to section 2—615, so it is of little aid in this case. Both *Rowan* and *Austin View*, however, involved motions brought under section 2—619 or its predecessor, section 48. It might be possible to distinguish either *Rowan* or *Austin View*, but since *Pumala* is clearly on point, and since we decline to follow *Pumala*, it is unnecessary to make an attempt. Instead, we will furnish our reasons for declining to follow *Pumala*.

■■ First, as Professor Michael points out, the language of the statute does not require movants under section 2—619 to admit facts:

> "While the rule that a motion to dismiss admits all well pleaded facts in the complaint was the established common law rule for demurrers, and hence is clearly applicable to §2—615 motions, *neither the express terms of §2—619 nor any historical precedent requires its application to motions under that section.*" (Emphasis added.) 4 Illinois Practice §41.2, at 296.

Second, the statute specifically provides for motions brought under it to be supported by affidavits and challenged by counteraffidavits. (Ill. Rev. Stat. 1991, ch. 110, par. 2—619(c).) If there were to be no contesting of any factual disputes, the requirement of affidavits would be an absurdity, and legislative acts are to be construed so as to avoid absurd results. (*Mulligan v. Joliet Regional Port District* (1988), 123 Ill. 2d 303, 527 N.E.2d 1264.) A note of caution should perhaps be sounded at this point. As our earlier discussion indicated, and as Professor Michael states, a section 2—619 motion should

> "admit all the essential allegations of the cause of action pleaded. This logic, however, should not prevent a §2—619 motion where the plaintiff pleaded facts which were not essential allegations of the cause of action ***." (4 Illinois Practice §41.2, at 297.)

Consequently, section 2—619 motions should not be used to attack the factual basis of the claim itself; if such an attack is to be made, it should be by a summary judgment motion under section 2—1005. See *Island Lake Water Co. v. La Salle Development Corp.* (1986), 143 Ill.

App. 3d 310, 493 N.E.2d 44; *Longust v. Peabody Coal Co.* (1986), 151 Ill. App. 3d 754, 502 N.E.2d 1096.

Third, there are cases which support the dismissal of claims that did not respond with counteraffidavits to motions to dismiss under section 2—619 which were accompanied by affidavits. *G. Chicoine Contractors, Inc. v. John Marshall Building Corp.* (1966), 77 Ill. App. 2d 437, 222 N.E.2d 712; *Millsaps v. Bankers Life Co.* (1976), 35 Ill. App. 3d 735, 342 N.E.2d 329; *Loughman Cabinet Co. v. C. Iber & Sons, Inc.* (1977), 46 Ill. App. 3d 873, 361 N.E.2d 379.

Finally, we rely upon the analysis provided earlier in this opinion to reject the holding of *Pumala*. What then is the result of the dispute between defendant's affidavits and plaintiff's unverified, conclusory allegations about the statute of limitations?

 Just as the technical requirements for affidavits filed in support of motions for summary judgment and motions for involuntary dismissal under section 2—619 are the same, so are the uses and effects of affidavits. For instance, cases holding that facts within an affidavit in support of a section 2—619 motion, not contradicted by counteraffidavit, must be taken as true repeatedly rely on cases where the same conclusion has been reached with regard to motions for summary judgment. (See *Denton Enterprises, Inc. v. Illinois State Toll Highway Authority* (1979), 77 Ill. App. 3d 495, 507, 396 N.E.2d 34, 43, citing *Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 272 N.E.2d 497, and *Heidelberger v. Jewel Cos.* (1974), 57 Ill. 2d 87, 312 N.E.2d 601; see also *Lindahl v. City of Des Plaines* (1991), 210 Ill. App. 3d 281, 299, 568 N.E.2d 1306, 1318, citing *Ligenza v. Village of Round Lake Beach* (1985), 133 Ill. App. 3d 286, 478 N.E.2d 1187.) Plaintiff did not file a counteraffidavit contesting the facts raised in the motion to dismiss. When facts alleged in an affidavit are not contradicted, those facts are taken as true. *Hall v. DeFalco* (1988), 178 Ill. App. 3d 408, 412, 533 N.E.2d 448, 451; *Mutschler Kitchens of Chicago, Inc. v. Wineman* (1981), 95 Ill. App. 3d 728, 420 N.E.2d 672.

The trial court had the plaintiff's unverified complaint and the defendant's motion to dismiss to which defendant had attached affidavits. The plaintiff sought to avoid the statute of limitations by resting on the allegations of its complaint. The affidavits filed by the defendant satisfied the requirements of Illinois Supreme Court Rule 191. (134 Ill. 2d R. 191.) First, the affidavits were based upon the personal knowledge of the affiants. In addition, the affidavits set forth with particularity the facts upon which the defense is based, *i.e.*, that the cause of action is untimely. Finally, these affidavits do not cite any in-

admissible conclusions but cite facts admissible in evidence. We find that the defendant's motion to dismiss effectively raised affirmative matters, and we would ordinarily conclude that the trial court did not err in granting the defendant's motion to dismiss. However, in view of the plaintiff's legitimate reliance upon *Pumala*, which we have declined to follow, we will reverse and remand to allow the plaintiff an opportunity to file counteraffidavits. If no counteraffidavits are filed within a reasonable time, the trial court should reenter its order of dismissal. If, however, appropriate counteraffidavits are filed, the trial court shall proceed as set forth in section 2—619(c), that is, resolve the factual dispute itself if there is no jury demand or deny the motion, with leave to assert it at trial, if there is a jury demand.

Reversed and remanded with directions.

WELCH, J., concurs.

PRESIDING JUSTICE GOLDENHERSH, specially concurring:

I specially concur with the majority's conclusion in this case with the following reservations.

The language of the complaint quoted in the majority opinion states, " 'This suit was not filed after the expiration of one (1) year following the date on which the principal ceased work on the Contract ***.' " (236 Ill. App. 3d at 1067-68.) As this appeared on the face of the complaint and was controverted, I have some question as to whether, in fact, the *Pumala* standard (*Pumala v. Sipos* (1985), 131 Ill. App. 3d 845, 476 N.E.2d 462) may not have been met.

More importantly, I think the distinction between the treatment of jury cases and nonjury cases under section 2—619 (Ill. Rev. Stat. 1991, ch. 110, par. 2—619) bears more emphasis. As noted in the majority opinion in its quotation from 4 Illinois Practice §38.3, at 224, "Motions to dismiss under section 2—619 *** '(4) *** allow a determination of the motion on the merits even if there is a genuine issue of material fact raised by the affirmative matter *as long as the party opposing the motion has not filed a jury demand ***.*' " (Emphasis added.) (236 Ill. App. 3d at 1072.) The *Pumala* case is apparently a jury cause, a medical malpractice action, and on the basis of the record before us, it appears that the instant case is nonjury. A restricted view of the appropriate scope of a section 2—619 motion in a jury case such as *Pumala* is certainly appropriate, whereas the more expansive view of the majority opinion is appropriate in a nonjury cause. As the Historical and Practice Notes for section 2—619 indicated:

"The purpose of this section is primarily that of affording a means of obtaining at the outset of a case a summary disposition of issues of law or of easily proved issues of fact, with a reservation of jury trial as to disputed questions of fact." (Ill. Ann. Stat., ch. 110, par. 2—619, Historical & Practice Notes, at 662 (Smith-Hurd 1983).)

The Historical Notes also refer to *North Park Bus Service, Inc. v. Pastor* (1976), 39 Ill. App. 3d 406, 349 N.E.2d 664, concerning the different approaches a court should take in dealing with jury or nonjury cases when a motion is filed under the predecessor of this section.

As indicated by the majority and Professor Michael, it is certainly appropriate that a trial court attempt to dispose of those issues which may be determined under section 2—619 prior to trial. It must be emphasized, however, that when a case before the trial court contains a jury demand, the position of the trial court as a determiner of an issue of fact involved in a section 2—619 motion is much more severely limited than when the cause of action involves a bench trial. As the Historical Notes and Professor Michael both note, any dispute other than the most easily and conclusively resolved issue of fact should proceed to jury trial.

While I would not disavow the ruling in *Pumala* since it was a jury case, I concur in the general result reached by the majority and its fair and equitable determination for action on remand of this particular cause.