*In re* ESTATE OF MARIE M. BERRY, Deceased (Sandra Hendriksen *et al.*, Plaintiffs-Appellants, v. Walter R. Williams, Ex'r, Respondent-Appellee).

Fifth District No. 5—95—0345

Opinion filed February 8, 1996.

Rick Verticchio, of Verticchio & Verticchio, of Gillespie, for appellants.

Michael R. Whitworth, of Adams, Roberts & Whitworth, P.C., of Hillsboro, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

This case involves a dispute over whether the probated will of decedent Marie M. Berry, dated April 22, 1986, was the valid last will of decedent. Plaintiffs, Sandra Hendriksen and Ida Hendriksen, decedent's niece and sister, respectively, argue that decedent executed the April 22, 1986, will because of the undue influence of defendant Dr. Walter R. Williams, decedent's nephew. The court granted defendant's motion for summary judgment. We reverse and remand.

Marie M. Berry died on August 17, 1993. Decedent's will, dated April 22, 1986, was admitted to probate on October 13, 1993, and letters testamentary were issued to Dr. Walter R. Williams as executor. On plaintiffs' request, a hearing was held on January 10, 1994, requiring formal proof that the probated will was the last will and testa-

ment of Marie M. Berry. The court confirmed the prior order admitting the will to probate and the letters that had been issued to Dr. Williams as executor.

Plaintiffs filed a complaint to contest the will, alleging that defendant unduly influenced decedent to change her will to name him as the executor and sole residual beneficiary.

During discovery, the depositions of Dr. Walter R. Williams, Ida Hendriksen, and Sandra Hendriksen were taken. On January 11, 1995, defendant filed a motion for summary judgment. On March 27, 1995, plaintiffs took the depositions of Irma Knes and Cecelia Williams, two of decedent's sisters. On April 10, 1995, plaintiffs filed their response in opposition to motion for summary judgment. After a hearing on the summary judgment motion, the court granted defendant's motion.

Plaintiffs argue: (1) that the trial court should have denied the motion for summary judgment on procedural grounds, (2) that the court erred in requiring proof of a fiduciary relationship to establish an undue influence claim, and (3) that material issues of fact existed concerning the use of undue influence over decedent at the time she made the April 22, 1986, will.

■ Plaintiffs first argue that the trial court should have denied defendant's motion for summary judgment on procedural grounds. Specifically, plaintiffs argue that defendant's motion for summary judgment was an impermissible hybrid motion, combining a proper motion for summary judgment with improper arguments concerning the insufficiency of plaintiffs' amended complaint, resulting in confusion for the parties and the court. Plaintiffs base their argument on the Illinois Supreme Court's decision in *Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 312 N.E.2d 605, which stated:

> "To combine an inquiry into whether a pleading is sufficient to state a cause of action with an examination which almost necessarily assumes that a cause of action has been stated and proceeds to determine whether there are any material issues of fact to be tried is likely to confuse both the parties and the court." *Janes*, 57 Ill. 2d at 406, 312 N.E.2d at 609.

We agree with plaintiffs that it is a better practice for parties to file separate motions rather than to combine a motion to dismiss with a motion for summary judgment. (*Barber-Colman Co. v. A&K Midwest Insulation Co.* (1992), 236 Ill. App. 3d 1065, 603 N.E.2d 1215.) However, *Janes* also recognizes that remanding a case to correct this procedural error could occasion delay and waste judicial resources. In addition, because plaintiffs were not prejudiced by the hybrid nature

of the motion, we will address the motion on its merits. *Beauvoir v. Rush-Presbyterian-St. Luke's Medical Center* (1985), 137 Ill. App. 3d 294, 299, 484 N.E.2d 841, 844.

■ Plaintiffs' second argument is that the court erred in requiring proof of a fiduciary relationship to establish an undue influence claim. Although many cases (*Redmond v. Steele* (1955), 5 Ill. 2d 602, 126 N.E.2d 619; *Nemeth v. Banhalmi* (1984), 125 Ill. App. 3d 938, 466 N.E.2d 977; *Wiszowaty v. Baumgard* (1994), 257 Ill. App. 3d 812, 629 N.E.2d 624; *In re Estate of Hoover* (1993), 155 Ill. 2d 402, 615 N.E.2d 736) refer to a fiduciary relationship as a necessary factor in an undue influence claim, other cases have not required such a relationship. (*Belfield v. Coop* (1956), 8 Ill. 2d 293, 134 N.E.2d 249; *Swenson v. Wintercorn* (1968), 92 Ill. App. 2d 88, 234 N.E.2d 91.) The difference in results is determined by the nature of the basis of the claim for undue influence. The claim may be based on an assertion of a fiduciary relationship, and if it is, then obviously such a relationship must be proven. If the relationship is proven, then there is a presumption of undue influence.

A presumption of undue influence is raised when the pleadings allege: (1) a fiduciary relationship between the testator and a devisee who received a substantial benefit from the will, (2) a testator in a dependent situation in which the substantial beneficiaries are in dominant roles, (3) a testator who reposed trust and confidence in such beneficiaries, and (4) a will prepared or procured and executed in circumstances wherein such beneficiaries were instrumental or participated. (*In re Estate of Jessman* (1990), 197 Ill. App. 3d 414, 419-20, 554 N.E.2d 718, 721.) Once these factors are proven, a *prima facie* case of undue influence has been proven and the burden shifts to those defending the will to rebut the presumption. *Jessman*, 197 Ill. App. 3d at 420, 554 N.E.2d at 721.

■ On the other hand, a claim of undue influence may be based on fraud or coercion, and if these charges are proven, undue influence may be established even though no fiduciary relationship existed. A review of the case law shows that proof of a fiduciary relationship is not a requirement for an undue influence claim. Obviously, without proof of a fiduciary relationship, there is no presumption of undue influence, and it may be more difficult for plaintiffs to recover. But the failure of proof on that issue is not an absolute bar to recovery if the plaintiff can establish undue influence that has a different basis.

■ In this case, the court's order correctly stated the law for a claim based on a presumption of undue influence:

"The party asserting that a will was executed as a result of undue

influence must establish the following elements to raise such a presumption: 1) a fiduciary relationship between the testator and a person who receives a substantial benefit under the will; 2) a testator who [is] in a dependent situation in which the substantial beneficiaries were in dominant roles; 3) a testator who reposed trust and confidence in such beneficiaries; and 4) a will prepared or procured and executed in circumstances wherein such beneficiaries were instrumental or participated (*[In re] Estate of Ciesioliekwicz* [(1993)], 243 Ill. App. 3d 506[, 611 N.E.2d 1278]; *Redmond v. Steele* [(1955)], 5 Ill. 2d [6]02[, 126 N.E.2d 619])."

Although the trial court's statement of the law is correct for claims of undue influence that rely upon the existence of a presumption, it is not a correct statement of the law for undue influence claims that do not rely on a presumption. We are unable to discern from the record whether the trial judge was aware of the distinction we have discussed. He may well have been and may have based his decision not on plaintiffs' failure to prove a fiduciary relationship but on the lack of any material issues of fact. An order granting summary judgment may be sustained on any ground warranted by the record, irrespective of whether the specific reasons stated by the trial court are correct. (*Fremont Indemnity Co. v. Special Earth Equipment Corp.* (1985), 131 Ill. App. 3d 108, 116, 474 N.E.2d 926, 932-33.) We must, therefore, examine plaintiffs' third argument on appeal.

■ Plaintiffs' third argument is that the court erred in granting defendant's motion for summary judgment because material issues of fact existed concerning the use of undue influence over decedent at the time she made the April 22, 1986, will. The purpose of summary judgment is to determine whether an issue of material fact exists. (*Gilbert v. Sycamore Municipal Hospital* (1993), 156 Ill. 2d 511, 517-18, 622 N.E.2d 788, 792.) A court must construe the pleadings, depositions, admissions, and affidavits strictly against the moving party and liberally in favor of the opponent. (*Gilbert*, 156 Ill. 2d at 518, 622 N.E.2d at 792.) While summary judgment is encouraged to aid in the expeditious disposition of lawsuits, summary judgment is a drastic remedy and should only be allowed when it is clear that the record is devoid of any genuine issue of material fact. (*Maxton v. Garegnani* (1994), 255 Ill. App. 3d 291, 294, 627 N.E.2d 723, 726.) The sole function of a reviewing court is to determine whether the lower court correctly ruled that no genuine issue of fact had been raised and, if none was raised, whether judgment was correctly entered as a matter of law. *Maxton*, 255 Ill. App. 3d at 294, 627 N.E.2d at 726.

In this case, the court's order granting defendant's motion for summary judgment was based on the belief that plaintiffs' amended

complaint merely alleged conclusions which mirrored the allegations necessary to state a cause of action for undue influence. Plaintiffs' central argument is that Dr. Williams or his mother told the testator that if Sandra Hendriksen was named residual beneficiary under decedent's will, Sandra would be required to turn over the money to the State of Illinois because Sandra's mother had been on public assistance for several years.

The court order stated that these alleged statements could not be considered because the court felt they were probably inadmissible hearsay. Furthermore, the court found that the record did not support any issues of fact regarding a fiduciary relationship, a testator in a dependent situation with beneficiaries in a dominant role, or a will prepared in circumstances where substantial beneficiaries participated.

The hearsay rule prohibits introducing into evidence a written or oral out-of-court statement offered to prove the truth of the matter asserted. (*People v. Lawler* (1991), 142 Ill. 2d 548, 568 N.E.2d 895.) However, an out-of-court statement offered for some independent purpose, rather than the truth of the matter asserted, is not hearsay. *Kochan v. Owens-Corning Fiberglass Corp.* (1993), 242 Ill. App. 3d 781, 806, 610 N.E.2d 683, 699.

In this case, the record includes plaintiff Sandra Hendriksen's affidavit, which states that Irma Knes told Sandra that Cecelia Williams told Irma that decedent changed her will because decedent was told that any bequest to Sandra Hendriksen would be turned over to public aid. In addition to Sandra's affidavit, both Ida and Sandra Hendriksen signed a verified complaint alleging that Dr. Williams provided knowingly false information to decedent to induce her to change her will. Sandra's affidavit and the plaintiffs' verified complaint did not contend that such statements were true, nor were the statements offered for their truth. In fact, plaintiffs contend that the statements are false. Because the evidence was not offered for its truth, it does not fall under the hearsay rule. (*Kochan*, 242 Ill. App. 3d at 806, 610 N.E.2d at 699.) Because the evidence is not hearsay, it may be admissible and can be considered for purposes of a motion for summary judgment. *Gilbert v. Sycamore Municipal Hospital* (1993), 156 Ill. 2d 511, 622 N.E.2d 788 (a court must consider pleadings, depositions, admissions, and affidavits strictly against the moving party in a motion for summary judgment); *North American Old Roman Catholic Church v. Bernadette* (1992), 253 Ill. App. 3d 278, 627 N.E.2d 1094 (a party may rely on his own verified complaint to support or oppose a motion for summary judgment if it satisfies the requirements of Supreme Court Rule 191 (134 Ill. 2d R. 191)).

We recognize there is other evidence in the record which will seriously challenge the ability of plaintiffs to make a case and which also raises serious questions as to whether decedent was unduly influenced to change her will. But construing the pleadings, depositions, admissions, and affidavits strictly against the moving party and liberally in favor of the opponent (*Gilbert*, 156 Ill. 2d at 518, 622 N.E.2d at 792), and in light of the fact that the trial court focused its order on the necessity of proof of a fiduciary relationship to establish an undue influence claim, we conclude that we must reverse and remand.

Reversed and remanded.

HOPKINS, P.J., and WELCH, J., concur.