SUPERDAWG DRIVE-IN, INC., Counterplaintiff-Appellee and Cross-Appellant, v. THE CITY OF CHICAGO, Counterdefendant-Appellant and Cross-Appellee.

First District (1st Division)   No. 85—3231

Opinion filed August 3, 1987.—Rehearing denied November 20, 1987.

Judson H. Miner, Acting Corporation Counsel, of Chicago (Mary K. Rochford, Sharon Baldwin, and Julie Elena Brown, Assistant Corporation Counsel, of counsel), for appellant.

Jerome H. Torshen, Ltd., and Scott Z. Berman, both of Chicago (Jerome H. Torshen, Mark K. Schoenfield, and James K. Genden, of counsel), for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

Counterplaintiff-appellee, Superdawg Drive-In, Inc. (Superdawg), brought an action seeking injunctive relief and damages against counterdefendant-appellant, the city of Chicago (the city), resulting from the city's erection of a steel and concrete barrier which blocked alley access to Superdawg's parking lot. The trial court entered judg-

ment in favor of Superdawg for damages and costs, and the city appeals from the judgment contending that (1) the trial court improperly awarded damages for the loss of substantive rights where only procedural rights were found to have been violated; (2) the damages awarded were excessive and not supported by the evidence; and (3) costs should not have been allowed against the city. Superdawg cross-appeals contending that the trial court erred in failing to grant Superdawg full recovery for its attorney fees and costs where it successfully litigated a claim for a violation of constitutional rights.

The parties to this action are no strangers to this court. Superdawg previously appealed a judgment entered in favor of the city which held that the city's enforcement against Superdawg of its regulations disallowing alley access to commercial holders of driveway permits was reasonable. On appeal, this court held that the city had violated Superdawg's right to due process by failing to give notice and providing a hearing before installing a barrier in the alley accessing the Superdawg location. *Superdawg Drive-In, Inc. v. City of Chicago* (1982), 109 Ill. App. 3d 525, 440 N.E.2d 890.

Much of the background surrounding this controversy is contained in our prior opinion and will not be repeated here. In summary, Superdawg is the operator of a fast-food restaurant located on Milwaukee Avenue in Chicago. Almost all of Superdawg's customers arrive by automobile since the unique feature of the restaurant is that it uses carhops to serve customers in its parking lot. Access to the drive-in parking lot is afforded by two driveways opening onto Milwaukee Avenue. Superdawg holds permits from the city of Chicago for these driveways. Customers also could enter and exit the restaurant via an adjoining alley. In 1948, when Superdawg was first opened, the surrounding area was sparsely populated. During the ensuing decades, however, the neighboring lots were developed as residential property. Owners of the residential properties objected to the use of the adjoining alley as a means of access to the drive-in restaurant. In November 1979, after numerous complaints had been filed with the department of streets and sanitation, the city erected a steel and concrete barrier blocking the alley access to Superdawg's parking lot. Thereafter, Superdawg filed an action for a mandatory injunction against the city seeking removal of the alley barricade and damages for loss of business resulting from the closure of the alley access.

The trial court entered judgment in favor of the city, finding that the city's enforcement against Superdawg of its regulations not allowing alley access to commercial holders of driveway permits was reasonable. On appeal, we reversed, holding that the city had failed to

give Superdawg adequate notice of any violation of a city ordinance or regulation and that Superdawg had not been afforded an opportunity to be heard on the charges prior to the erection of the barricade. We found that the record failed to disclose any evidence that the use of the alley posed a substantial and immediate hazard and, therefore, the city failed to establish that extraordinary circumstances existed which would justify emergency action without first providing Superdawg with adequate notice and an opportunity to be heard. This court limited its ruling to the finding that Superdawg may have been denied its due process rights to notice and a hearing when the city barricaded the alley. No determination was reached as to whether Superdawg had violated any municipal ordinance which would have entitled the city to barricade the alley. (*Superdawg Drive-In, Inc. v. City of Chicago* (1982), 109 Ill. App. 3d 525, 440 N.E.2d 890.) On remand, Superdawg moved for partial summary judgment on the issue of liability arguing that a safety hazard had never existed in the alley. The trial court granted the motion and further ordered the city to remove the alley barricade. The cause proceeded to trial on the issue of damages only. At trial, Superdawg introduced extensive expert evidence to demonstrate that it had lost substantial profits as a consequence of the erection of the barricade. The trial court entered judgment in favor of Superdawg in the amount of $396,000 and the city appeals from this judgment. The court further denied Superdawg's motion for $107,847.50 in attorney fees and limited its award of costs to $4,812.52. Superdawg cross-appeals from those orders.

■ The city first argues that the trial court improperly awarded damages for the loss of substantive rights where only procedural rights were found to have been violated. At the first trial in this cause, the trial court found that the city had acted reasonably in erecting a barricade preventing access to the alley from the Superdawg parking lot. The trial court specifically rejected Superdawg's claim that the city had selectively enforced its regulations by barricading Superdawg's alley access but not that of other businesses whose customers use access to an alley. On appeal from that judgment, this court reversed, holding that the city "failed to establish that extraordinary circumstances existed which would justify emergency action without first providing Superdawg with adequate notice and an opportunity to be heard on the charges." (109 Ill. App. 3d 525, 530, 440 N.E.2d 890, 894.) We remanded the cause for a new trial on the narrow issue of whether such extraordinary circumstances existed to justify the city's actions. We specifically declined to recognize a protectable property interest on the part of Superdawg in the alley

access, but held that Superdawg may have been entitled to notice and a hearing before the city barricaded the alley as a result of violation of a city ordinance. This court made no finding of a violation by the city of a substantive constitutional right. Nor did this court determine whether Superdawg may have had a right to access which was infringed.

When a judgment is reversed by a court of review, the judgment of that court is final upon all questions decided, and if the cause is remanded with specific directions, the trial court must follow the directions exactly. (*Roggenbuck v. Breuhaus* (1928), 330 Ill. 294, 161 N.E. 780; *Pinelli v. Alpine Development Corp.* (1979), 70 Ill. App. 3d 980, 388 N.E.2d 943.) In the case at bar, on remand, Superdawg moved for partial summary judgment on the issue of liability arguing that there were no hazardous circumstances which would obviate the requirement for notice and a hearing. The trial court granted the partial summary judgment and set the case for trial on the issue of damages only. From this ruling, it is apparent that the trial court misinterpreted the directions set forth in the prior decision of this court. The holding of the prior decision was limited to the finding that if extraordinary circumstances were not present which would justify the action of the city in erecting a barricade, Superdawg may not have received adequate notice and opportunity for a hearing and its procedural rights may have been violated. By granting the motion for summary judgment on liability and proceeding to trial on damages only, the trial court precluded litigation on the issue of the city's liability or equitable rights against Superdawg's claim of procedural due process violations.

Superdawg contends that since the city offered no proof that it had a right to erect the barricade, the trial court's award of damages was proper. The award of damages granted by the trial court was based upon the amount plaintiff claimed in lost profits due to the erection of the barricade in the alley adjacent to its property. Before a plaintiff may recover substantial damages for an underlying substantive deprivation on the basis of a procedural due process violation, the plaintiff must show that the underlying deprivation would not have occurred if due process had been accorded. (*Garza v. Henderson* (7th Cir. 1985), 779 F.2d 390; *Graham v. Baughman* (8th Cir. 1985), 772 F.2d 441; *Lossman v. Pekarske* (7th Cir. 1983), 707 F.2d 288.) As stated by the *Lossman* court:

> "It is not enough for a plaintiff to show that he should have had a hearing of a particular sort; he must show, with some degree of probability, that such a hearing would have prevented

the deprivation of which he complains. Otherwise the failure to provide the hearing did not injure him; and tort damages cannot be awarded if there is no injury." (707 F.2d 288, 291.)

A distinction must be drawn between damages flowing from a violation of procedural due process and damages flowing from an underlying substantive deprivation. (*Carey v. Piphus* (1978), 435 U.S. 247, 55 L. Ed. 2d 252, 98 S. Ct. 1042.) Damages awarded solely because a defendant committed an error in procedure are improper and constitute a windfall. (*Kaiser v. Dixon* (1984), 127 Ill. App. 3d 251, 468 N.E.2d 822.) Damages resulting from procedural due process violations cannot be presumed and actual injury as well as its causal connection to the violation must be proved. (*Carey v. Piphus* (1978), 435 U.S. 247, 55 L. Ed. 2d 252, 98 S. Ct. 1042.) When a plaintiff fails to prove causation, he may collect only nominal damages. *McCann v. Coughlin* (2d Cir. 1983), 698 F.2d 112.

■ In the case at bar, in our judgment, the entry of summary judgment on the issue of liability in favor of Superdawg was premature where material issues of fact existed as to whether Superdawg's damages were the result of the city's failure to accord plaintiff a hearing concerning its alley access. (*Sanders v. Standard Mutual Insurance Co.* (1986), 142 Ill. App. 3d 1082, 492 N.E.2d 917.) The essential element of proof of causation was absent in the action. Further, this court has specifically declined to find that Superdawg had a property right in the alley access, a finding which is required in cases seeking recovery for procedural due process violations. (*Katris v. City of Waukegan* (N.D. Ill. 1980), 498 F. Supp. 48.) Accordingly, we reverse the judgment of $396,000 for damages and remand this action to the trial court for a further hearing as to both the liability and damages incurred by the parties on the issue of whether the city violated Superdawg's procedural due process rights.

Having determined that the trial court erred in finding the city liable as a matter of law, we find it unnecessary to address the remaining issues of whether Superdawg is entitled to attorney fees or costs where it successfully litigated a claim for violation of constitutional rights. The awards of $107,847.50 for attorney fees and $4,812.52 for costs are hereby vacated.

For the reasons stated, the judgment of the circuit court is reversed and this cause is remanded for further proceedings.

Reversed and remanded.

QUINLAN, P.J., and BUCKLEY, J., concur.