No. 2--97--0284

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

________________________________________________________________

RIVER PARK, INC.; SPATZ ) Appeal from the Circuit Court

AND COMPANY; and COUNTRY CLUB ) of Lake County.

ESTATES, LTD., )

) 

Plaintiffs-Appellants, ) No. 94--L--1637

)

v. )

)

THE CITY OF HIGHLAND PARK, ) Honorable

) Bernard E. Drew,

Defendant-Appellee. ) Judge, Presiding.

________________________________________________________________

Modified Upon Denial of Rehearing

JUSTICE INGLIS delivered the opinion of the court:

Plaintiffs, River Park, Inc. (River Park), Spatz & Company (Spatz), and Country Club Estates, Ltd. (CCE), appeal the trial court's order dismissing their amended complaint against defendant, the City of Highland Park, because their claims were barred by a prior judgment and were not filed within the period of limitations.  We affirm in part, reverse in part, and remand.

This is the second time this case has been before this court.  In plaintiffs’ first appeal, 
River Park, Inc. v. City of Highland Park
, 281 Ill. App. 3d 154 (1996), we affirmed in part and reversed in part the trial court's order dismissing plaintiffs' complaint for failure to state a cause of action.  As a result, plaintiffs' claims for tortious interference with business expectancy (count I), breach of implied contract (count II), and abuse of governmental power (count IV) were reinstated.  On remand, the trial court granted defendant’s motion to dismiss pursuant to section 2--619 of the Code of Civil Procedure (Code) (735 ILCS 5/2--619 (West 1996)) on the grounds that plaintiffs’ claims were barred by 
res
 
judicata
 and were untimely.

The facts giving rise to this appeal are adequately set forth in 
River Park
, 281 Ill. App. 3d 154.  We summarize the salient points, once again taking all well-pleaded facts in the amended  complaint as true.  See, 
e.g.
, 
Harris Bank v. Village of Mettawa
, 243 Ill. App. 3d 103, 109 (1993).

Spatz, a builder and developer, purchased River Park, which owned the 162-acre property of the Highland Park Country Club.  CCE later purchased a portion of the 162 acres for development.  As part of his financing package for the River Park purchase, Spatz was required to obtain approval on the final plats of development within one year or face foreclosure.  Defendant's planning commission and city council approved Spatz’ petition for rezoning 

the parcel.  While the matter was pending, however, Raymond Geraci, a member of the city council, formed a "citizen's committee" called "Save our Open Spaces," dedicated to preventing plaintiffs from developing the parcel and to making defendant buy the parcel if possible.

As part of the rezoning process, the city engineer was required to give approval to plaintiffs' engineering plans.  The engineer refused, however, to give final approval to plaintiffs’ engineering plans, and the city council refused to approve the plans without the engineer's approval.

Spatz’ one-year deadline passed and River Park was forced to file for bankruptcy.  As part of its reorganization, it sold 34 acres to CCE and again filed a petition to rezone the parcel.  Several months after the second rezoning petition was filed, the lender foreclosed on the property.  Plaintiffs negotiated with the lender a right of repurchase contingent upon obtaining approval of their second rezoning petition.

After conducting a number of hearings, defendant demanded proof that plaintiffs still owned the parcel.  Defendant's demand was on short notice, however, and plaintiffs could not satisfy the demand in time, nor would defendant give plaintiffs an extension of time.  Even though plaintiffs eventually presented proof of ownership, defendant refused to consider it and deemed plaintiffs' second petition withdrawn.

While plaintiffs’ second petition was pending, defendant began  negotiating with plaintiffs’ lender to buy the parcel for itself.  Defendant was aware of plaintiffs' rights to redeem and repurchase the parcel upon its rezoning.  Defendant purchased the parcel on May 3, 1993, for $10 million, which, according to plaintiffs, was "far less than its market value."  In December 1995, defendant sold portions of the parcel, which were later developed similarly to plaintiffs' plans.

Plaintiffs filed a federal civil rights suit against defendant, which was dismissed.  
River Park, Inc. v. City of Highland Park
, 23 F.3d 164 (7th Cir. 1994).  On November 21, 1994, plaintiffs filed their complaint in the Lake County circuit court.  Upon remand of plaintiffs' first appeal, defendant filed a motion to dismiss the amended complaint.  The trial court granted defendant's motion and plaintiffs timely appealed.

Plaintiffs initially argue that defendant has waived consideration of its section 2--619 motion to dismiss because defendant could have and should have filed it with the earlier section 2--615 motion to dismiss but did not.  While considerations of judicial and client economy might favor this argument, neither the Code nor case law requires a party to file all dispositive motions together.  Section 2--619.1 of the Code states "[m]otions with respect to pleadings under Section 2--615, motions for involuntary dismissal or other relief under Section 2--619, and motions for summary judgment under Section 2--1005 may be filed together as a single motion in any combination."  735 ILCS 5/2–619.1 (West 1996).  Thus, section 2--619.1 of the Code permits, but does not require, a party to file all of its motions to dismiss at once.  Additionally, defendant's motion practice in this case is clearly proper under 
McGinnis v. A.R. Abrams, Inc.
, 141 Ill. App. 3d 417, 420 (1986), which rejected plaintiffs' waiver argument on similar procedural facts.

Next, plaintiffs argue that the trial court erred by finding that their claims were barred by 
res
 
judicata
.  Plaintiffs contend that the dismissal of their previous federal suit was not a final judgment on the merits and that, in any event, the cause of action in federal court was different from the cause of action here.

Where there is a final judgment on the merits, the doctrine of 
res
 
judicata
 bars subsequent actions on the same claims between the same parties or their privies.  The doctrine bars not only what was actually litigated but also what could have been litigated in the previous lawsuit.  The elements of 
res
 
judicata
 are (1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) an identity of cause of action; and (3) an identity of parties or their privies.  
People ex rel. Burris v. Progressive Land Developers, Inc.
, 151 Ill. 2d 285, 294 (1992).

Defendant contends that plaintiffs have waived this argument because they failed to raise it in the trial court.  We have reviewed the record and conclude that plaintiffs properly preserved this issue for review.  Accordingly, we reject defendant's waiver argument.

Defendant next argues that the dismissal was an adjudication of the merits of both the state and federal claims because plaintiffs could have filed their pendant state claims along with the federal claim but did not.  We disagree.

Dismissal for lack of subject matter jurisdiction is not an adjudication on the merits.  134 Ill. 2d R. 273.  The federal district court dismissed plaintiffs’ federal complaint for failure to state a claim and for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1),(6).  Accordingly, this dismissal was not an adjudication on the merits.

We also determine that there was no identity between the federal and state causes of action.

"A cause of action is defined by the facts which give the plaintiff a right to relief.  While one group of facts may give rise to a number of different theories of recovery, there remains only a single cause of action.  'If the same facts are essential to the maintenance of both proceedings or the same evidence is needed to sustain both, then there is identity between the allegedly different causes of action asserted and 
res
 
judicata
 bars the latter action.' [Citations.]"  
Progressive Land Developers, Inc.
, 151 Ill. 2d at 295.

Here, the identity-of-action element of 
res
 
judicata
 is not present.  While it is true, as defendant asserts, that plaintiffs' federal and state complaints are very similar, the facts necessary to prove each complaint are not.  In the federal action, plaintiffs were required to prove that, under color of law, defendant had deprived them of a right, privilege, or immunity guaranteed by the Constitution or laws of the United States.  
Polenz v. Parrott
, 883 F.2d 551, 555 (7th Cir. 1989).  In the present case, by contrast, plaintiffs must prove the existence of a duty and its breach or actions giving rise to an implied contract and its breach.  We therefore determine that the identity-of-cause element is lacking.  Because the federal judgment is not a final adjudication on the merits and there is no identity between the federal and state causes, we hold that the trial court erred by granting defendant's motion to dismiss on the grounds of 
res
 
judicata
.

Plaintiffs next argue that the trial court erroneously determined that their claims were barred by the running of the statute of limitations.  The trial court applied the one-year statute of limitations contained in section 8--101 of the Local Governmental and Governmental Employees Tort Immunity Act (Immunity Act) (745 ILCS 10/8--101 (West 1994)) in determining that plaintiffs’ amended complaint was time-barred.  Plaintiffs argue that the Immunity Act applies only to tort claims and is therefore inapplicable to their contract and constitutional claims.  Defendant responds that section 8--101 extends to any action brought against a local public entity.

When construing a statute, the court must give the language its plain and ordinary meaning.  The court must also read the statute as a whole and consider all its parts together.  
Mid-American Elevator Co., Inc. v. Norcon, Inc.
, 287 Ill. App. 3d 582, 588 (1996).

Section 2--101 of the Immunity Act specifically excepts contract actions.  745 ILCS 10/2–101 (West 1994).  Section 8--101 provides a one-year period of limitations for civil actions against local entities.  745 ILCS 10/8–101 (West 1994).  When viewed together, the plain and ordinary meaning of the language of these two sections does not support defendant's construction that section 8--101 applies to any and all civil actions filed against a local public entity.  Rather, section 2--101 limits the scope of actions to which section 8--101 can be applied.  As contract actions are specifically outside the operation of the Immunity Act, the trial court erred by applying section 8--101 to bar count II ( breach of implied contract) of plaintiffs' amended complaint. 

In addition to the explicit exceptions enumerated in section 2--101 of the Immunity Act, case law has narrowed the application of the limitations provisions of the Immunity Act (745 ILCS 10/8--101 through 10/8--103 (West 1994).  For example, the limitations provisions of the Immunity Act have been held to be inapplicable to violations of constitutional rights (
Firestone v. Fritz
, 119 Ill. App. 3d 685 (1983)), section 1983 actions, contributions actions, nontortious actions, counterclaims, and injunctive actions (see 
Anderson v. Sutter
, 119 Ill. App. 3d 1070 (1983) (citing cases)).  Thus, because the limitations provisions of the Immunity Act should be construed only in the context of its operation, the trial court also erred by applying section 8--101 to count IV of plaintiffs' amended complaint, abuse of governmental power (a violation of constitutional rights).  

Defendant contends that section 2--101 of the Immunity Act deals with liability, while section 8--101 deals only with the period of limitations.  Defendant argues that there are no constraints on the language of section 8--101 even when it is read in conjunction with section 2--101 and, thus, section 8--101 should apply to any civil action filed against a local public entity.  We disagree.  Defendant has produced no case in which such a construction of the Immunity Act has been adopted.  Moreover, 
Anderson
, 119 Ill. App. 3d 1070, and 
Firestone
, 119 Ill. App. 3d 685, explicitly rejected the application of the Immunity Act’s limitations provisions to a number of nontortious civil actions.  Defendant's argument is without merit.

Section 13--205 of the Code provides that actions on unwritten contracts and "all civil actions not otherwise provided for [] shall be commenced within 5 years next after the cause of action accrued."  735 ILCS 5/13–205 (West 1996).  Plaintiffs filed their complaint on November 21, 1994.  Defendant gave preliminary approval to plaintiffs' petition on December 29, 1989.  It is clear that plaintiffs' complaint was filed within the five-year period of limitations under section 13--205 of the Code.  Accordingly, we hold that the trial court erred in dismissing counts II and IV of plaintiffs' amended complaint as untimely.

Plaintiffs' final contention is that the trial court erred by dismissing count I, tortious interference with business expectancy, as time-barred under the Immunity Act.  Plaintiffs do not dispute

the applicability of the Immunity Act to count I, which sounds in tort.  Instead, plaintiffs argue that the continuing tort rule should be applied to defendant's continuing wrongful acts to toll the operation of section 8--101.  We disagree.

The continuing tort rule is triggered by continuing unlawful acts and conduct, and it differentiates between these continuing acts and the continual ill effects arising from a single violation.  
Hyon Waste Management Services, Inc. v. City of Chicago
, 214 Ill. App. 3d 757, 763 (1991).  We note that the rule has been applied only to cases of trespass and nuisance, and not to other types of torts.  See 
Hertel v. Sullivan
, 261 Ill. App. 3d 156, 161-62 (1994) (refusing to extend continuing rule beyond trespass and nuisance cases to personal injury tort case).  We need not and do not decide, however, whether the continuing tort rule applies to this case, because even under the continuing tort rule we conclude that plaintiffs’ claim under count I was untimely.

We conclude that, under any theory of accrual, the period of limitations began to run no later than May 3, 1993, when defendant obtained title to the parcel.  At that point, plaintiffs’ hopes of a profitable outcome in this venture were finally extinguished.  They could suffer no further injury in connection with the parcel.  As plaintiffs filed their complaint on November 21, 1994, more than one year after defendant obtained title to the property, count I is time-barred under section 8—101 of the Immunity Act.

Plaintiffs assert that the defendant’s subsequent sale of the property in December 1995 was an integral part of their injury.  We disagree.  When defendant obtained title to the property on May 3, 1993, plaintiffs' injuries were complete:  they had been denied rezoning for the property and now were deprived of the property that they wished to rezone.  Plaintiffs could suffer no further injury in connection with the property.  Defendant’s realization of a profit in December 1995 for its purchase of the property was of no moment to plaintiffs' injury but was merely an added insult.  At most, then, the sale represents a continued ill effect resulting from the final wrongful act of purchasing the property, not a wrong in itself.  See 
Hyon
, 214 Ill. App. 3d at 763.  Accordingly, the trial court did not err when it dismissed count I.

To summarize, the trial court properly dismissed count I of plaintiffs’ complaint as untimely but erroneously dismissed counts II and IV.  For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with this opinion.

Affirmed in part and reversed in part; cause remanded.

McLAREN and DOYLE, JJ., concur.