No. 2--97--0635 

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

________________________________________________________________

WENDY SASSALI, ) Appeal from the Circuit Court

) of Winnebago County.

Plaintiff-Appellant, )

)

v. )

)

ROCKFORD MEMORIAL HOSPITAL and ) No. 96--L--17

THOMAS DeFAUW, )

)

Defendants-Appellees )

)

(Harry Darland, Michael Sassali ) Honorable

Jane Billeter, and Ashok Gupta, ) Gerald F. Grubb,

Defendants). ) Judge, Presiding.

________________________________________________________________

JUSTICE THOMAS delivered the opinion of the court:

Plaintiff, Wendy Sassali, appeals from the trial court’s order dismissing counts XI and XIII of her first amended complaint.  Defendants Rockford Memorial Hospital and Thomas DeFauw, CEO and facility director of Rockford Memorial Hospital, (collectively Rockford) assert that the trial court erred in concluding that the Mental Health and Developmental Disabilities Confidentiality Act (Confidentiality Act) (740 ILCS 110/1 
et seq.
 (West 1994)) authorized the release of her mental health records to a court expert.

Counts XI and XIII allege that defendants Michael Sassali and Harry Darland forcibly transported plaintiff to Rockford Memorial Hospital and initiated emergency involuntary commitment proceedings.  As part of the involuntary commitment proceedings, Dr. Warren Lewis was appointed to examine plaintiff.  Thereafter, Rockford released plaintiff’s mental health records to Lewis.  Plaintiff alleges that this release violated the Confidentiality Act and that she was damaged by Rockford’s actions.

Pursuant to section 2--619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2--619(a)(9) (West 1996)), Rockford moved to dismiss counts XI and XIII, arguing that the disclosure of the records was permissible under sections  10(a)(1), 10(a)(8), and 11(vi) of the Confidentiality Act (740 ILCS 110/10(a)(1), 10(a)(8), 11(vi) (West 1994)).  The trial court agreed that disclosure was proper under section 11(vi) and dismissed those counts.  The dismissal order contained language stating that the judgment was appealable pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)).  Plaintiff filed a timely notice of appeal.

For purposes of a section 2--619 motion to dismiss, a defendant admits all well-pleaded facts.  
Barber-Colman Co. v. A&K Midwest Insulation Co.
, 236 Ill. App. 3d 1065, 1073 (1992).  We review a dismissal pursuant to section 2--619 
de novo
.  
Kedzie & 103rd Currency Exchange, Inc. v. Hodge
, 156 Ill. 2d 112, 116 (1993).  In determining whether the sections Rockford relies upon permit disclosure, we are guided by the general principle that the legislative intent of a statute is best determined from the plain and ordinary meaning of the statutory language.  
People v. Wittenmyer
, 151 Ill. 2d 175, 195 (1992).  Where the language is clear and unambiguous, we must apply it as written.  
Wittenmyer
, 151 Ill. 2d at 195.

The Confidentiality Act provides that “[a]ll records and communications shall be confidential and shall not be disclosed except as provided in this Act.”  740 ILCS 110/3(a) (West 1994).  The exceptions to the Confidentiality Act are very narrow.  
Pritchard v. Swedish American Hospital
, 191 Ill. App. 3d 388, 402 (1989).  Further, the legislature has provided a statutory cause of action to remedy violations of the Confidentiality Act.  740 ILCS 110/15 (West 1994).

We first address Rockford’s argument that section 10(a)(1) authorizes the disclosure of the records to Lewis.  Section 10(a)(1) provides that records “may be disclosed in a civil, criminal or administrative proceeding in which the recipient introduces his mental condition *** as an element of his claim or defense.”  740 ILCS 110/10(a)(1) (West 1994).  Section 10(a)(1)  further requires that, before the records may be disclosed, the trial court must make several findings regarding the use of the records, including that they are “relevant, probative, not unduly prejudicial or inflammatory, and otherwise clearly admissible.”  740 ILCS 110/10(a)(1) (West 1994).

Rockford argues that plaintiff placed her mental condition at issue during the involuntary commitment proceedings  “when she sought to refute the allegations of the State as to her mental instability.”  We disagree.  A recipient waives the confidentiality of her records only if she affirmatively places her own mental condition at issue.  
Pritchard
, 191 Ill. App. 3d at 403.  Here plaintiff did not place her mental condition at issue.  Rather, by filing the petition for involuntary admission, the State placed plaintiff’s mental condition at issue.  Moreover, even if plaintiff had introduced her mental condition as a claim or defense, Rockford has presented no evidence to show that the trial court made the numerous and explicit findings that section 10(a)(1) requires.  Consequently, we must conclude that the disclosure was not proper under section 10(a)(1).

Rockford also argues that section 10(a)(8) permits disclosure.  Section 10(a)(8) allows the disclosure of mental health records when  they “are relevant to a matter in issue in any action brought under this Act.”  740 ILCS 110/10(a)(8) (West 1994).  Here the involuntary commitment proceedings were brought pursuant to article VI of the Mental Health and Developmental Disabilities Code (405 ILCS 5/3--600 
et seq.
 (West 1994)).  Since the proceedings were not pursuant to the Confidentiality Act, section 10(a)(8) cannot authorize Rockford’s disclosure.

We now turn our attention to section 11(vi), which provides that records may be disclosed

“in commitment proceedings under the Mental Health and Developmental Disabilities Code and proceedings and investigations preliminary thereto, to the State’s Attorney for the county or residence of a person for whom involuntary or judicial admission is sought, or in which the person is found, or in which the facility is located, and to the attorney representing the recipient in the commitment proceedings, provided that the information so disclosed shall not be utilized for any other purpose nor be redisclosed except in connection with the proceedings or investigations.”  740 ILCS 110/11(vi) (West 1994).

The plain language of this section provides that Rockford was permitted to release the records in connection with plaintiff’s commitment proceedings.  With equal clarity, however, the section authorizes disclosure to only two specific persons: the State’s Attorney and the recipient’s attorney.  Since Lewis was neither the State’s Attorney nor plaintiff’s attorney, the plain language of the section does not authorize the release of the records to him.

Rockford argues, however, that the legislature would not have drawn the Confidentiality Act so narrowly that an expert appointed to render an opinion on the recipient’s mental condition would not be permitted to review the documents.  We agree.  The last portion of section 11(vi) provides that “the information so disclosed shall not be *** redisclosed except in connection with the proceedings or investigations.”  740 ILCS 110/11(vi) (West 1994).  The clear implication of this statement is that both the State’s Attorney and the recipient’s attorney may disclose the information in the records if the disclosure is “in connection with the proceedings or investigations.”  740 ILCS 110/11(vi) (West 1994).

The Confidentiality Act is carefully drawn to maintain the confidentiality of mental health records except in the specific circumstances explicitly enumerated.  
Pritchard
, 191 Ill. App. 3d at 402.  We believe that the plain language of section 11(vi) demonstrates the legislature’s conclusion that in commitment proceedings the proper balance to be struck between confidentiality and disclosure is best placed within the discretion of the State’s Attorney bringing the action and the recipient’s attorney.  Section 11(vi) clearly contemplates that these two officers of the court will review the records and exercise their discretion so that disclosure is made only to those people who need the information to conduct properly the proceedings or investigation.  Here Rockford circumvented this entire process by delivering the records directly to Lewis.  While Rockford’s actions may have placed the records into the hands of the person who would have, in all likelihood, eventually received them, that fact goes only to the question of damages and not to the propriety of the disclosure itself.

After reviewing plaintiff’s complaint, the Confidentiality Act, and its narrowly drawn exceptions, we must conclude that none of the exceptions permitted Rockford to release plaintiff’s mental health records to Lewis.  Consequently, we agree with plaintiff that the trial court erred in dismissing counts XI and XIII of plaintiff’s complaint.

The judgment of the circuit court of Winnebago County is reversed, and this cause is remanded for further proceedings.

Reversed and remanded.

GEIGER, P.J., concurs.

JUSTICE McLAREN, specially concurring:

I concur.  However, I desire to emphasize an aspect of this case, which I believe judicial economy and a uniform body of law require.

The complaint filed herein was not attacked for failing to state a cause of action under section 2--615.  Rather, the defendants attacked the sufficiency of the complaint under section

2--619 claiming there was no recognizable breach of duty. 

The majority correctly determined that a breach of duty was sufficiently alleged.  The majority then questioned whether any damages may be proved but did not make further comment.

I submit that the parties and the trial court should review

Superdawg Drive-In, Inc. v. City of Chicago
, 162 Ill. App. 3d 860 (1987).  That case stands for the proposition that a plaintiff, in order to prove the right to recover more than nominal damages, must not only establish a due process violation but must also show that, if due process had been given, the end result would have not been the same, 
i.e.
, that the expert witness in this case would not have inevitably received the confidential information but for the due process violation.

Based upon the present record, it remains to be seen if the plaintiff can recover more than nominal damages.