STEVEN M. DOYLE *et al.*, Plaintiffs-Appellants, v. THE CITY OF MARENGO, Defendant-Appellee (Woodstone Company, Inc., Defendant).

Second District   No. 2—98—0405

Opinion filed April 1, 1999.

Michael K. Havrilesko and David N. Rechenberg, both of Havrilesko & Rechenberg, of Rockford, for appellants.

Denis K. Sheehan, of Norton, Mancini, Argentati, Weiler & DeAno, P.C., of Wheaton, for appellee.

JUSTICE COLWELL delivered the opinion of the court:

Plaintiffs, Steven and Darcy Doyle and Charles and Pennie Squires, appeal the circuit court's order dismissing their complaint against defendant City of Marengo (Marengo). Plaintiffs contend that the court erred in holding that section 2—104 of the Local Governmental and Governmental Employees Tort Immunity Act (the Act) (745 ILCS 10/2—104 (West 1996)) barred their cause of action.

Plaintiffs' complaint alleged that they contracted to purchase homes from defendant Woodstone Company, Inc. (Woodstone). At the closings, Woodstone gave plaintiffs certificates of occupancy issued by Marengo. However, Woodstone had not obtained letters of map revision for these properties to remove the flood plain designation from them. Because of this, plaintiffs were required to purchase flood insurance. Plaintiffs alleged that Marengo "carelessly and negligently" issued occupancy permits for the two homes without obtaining letters of map revision demonstrating that the properties were no longer considered to be in the flood plain.

Marengo moved to dismiss the complaint on the ground that section 2—104 of the Act barred relief. The trial court granted the motion and plaintiffs filed a timely notice of appeal.

■ Marengo filed its motion to dismiss pursuant to section 2—619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2—619(a)(9) (West 1996)). For purposes of a section 2—619 motion, a defendant admits all well-pleaded facts. We review a dismissal pursuant to section 2—619 de novo. Sassali v. Rockford Memorial Hospital, 296 Ill. App. 3d 80, 83 (1998).

■ Section 2—104 provides as follows:

"A local public entity is not liable for an injury caused by the issuance, denial, suspension or revocation of *** any permit, license, certificate, approval, order or similar authorization where the entity or its employee is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked." 745 ILCS 10/2—104 (West 1996).

Plaintiffs concede that "[a]t first blush, it would appear" that this statute immunizes the city under the facts alleged. However, plaintiffs contend that, in this case, it does not do so. Plaintiffs argue that Marengo's issuance or denial of a permit in this case was merely a ministerial function and the Act does not provide immunity for ministerial acts. Plaintiffs rely on their allegation that Marengo "had a duty" to ensure that the properties were not in a flood plain prior to issuing permits.

We agree with Marengo that interpreting section 2—104 as plaintiffs do would essentially nullify the immunity it provides. Every

decision to issue or deny a permit has an element of a "ministerial duty" in that standards exist to help determine when a permit should be issued. However, the municipality retains the ultimate authority to determine whether to allow building on a particular parcel within the city limits. See 65 ILCS 5/11—13—1, 11—30—2 (West 1996).

To hold that a municipality could be held liable whenever it failed to adhere to the standards for issuing a permit would negate the immunity section 2—104 was designed to provide. Conversely, if a municipality could issue or deny a permit at its whim, with no standards, immunity would be unnecessary because a plaintiff could never maintain a cause of action. He or she could never establish a breach of a duty.

In construing a statute, a court must ascertain and give effect to the legislature's intent in enacting the statute. *Collins v. Board of Trustees of the Firemen's Annuity & Benefit Fund*, 155 Ill. 2d 103, 110 (1993). The statutory language is usually the best indication of the drafters' intent, and the language should be given its plain, ordinary, and popularly understood meaning. *Collins*, 155 Ill. 2d at 111.

The plain language of section 2—104 states that a local public entity is not liable for an injury caused by the issuance or denial of a permit. The statute does not contain the distinction between discretionary and ministerial acts on which plaintiffs rely. Section 2—201 of the Act immunizes public employees for injuries resulting from their "exercise of discretion." 745 ILCS 10/2—201 (West 1996). Section 2—104 does not contain similar language. Thus, we do not construe that section as including the discretionary/ministerial distinction embodied in other sections of the Act. Although we are aware of no court decision specifically addressing this question, the qualification at the end of section 2—104 is most likely intended to cover situations such as the purchase of a vehicle sticker or fishing license where a party merely pays a fee and automatically receives the permit.

Plaintiffs rely on *Munizza v. City of Chicago*, 222 Ill. App. 3d 50 (1991), for the proposition that a municipality may be liable, despite the plain language of section 2—104, where it issues a permit in clear violation of its own ordinance. The complaint in *Munizza* alleged that defendant completely failed to conduct a background check of an applicant for a taxi license, in violation of a city ordinance. Although *Munizza*'s reasoning is not clear, the court appears to have held that the complaint stated a cause of action for wilful and wanton conduct. However, the court ultimately denied plaintiff relief on the ground that defendant's conduct was not the cause of plaintiff's injuries.

The allegations here are much more vague than those in *Munizza*. Plaintiffs merely allege that defendant had a "duty" to screen applica-

tions for building permits and that it "carelessly and negligently" issued a permit despite the absence of a map amendment letter. Plaintiffs do not identify a specific ordinance that defendant allegedly violated, nor do they allege more than negligent conduct. Thus, *Munizza*, is distinguishable.

To the extent *Munizza* holds that section 2—104 creates an exception for wilful and wanton conduct, we decline to follow it. Where the legislature wished to create an exception for wilful and wanton conduct, it has expressly done so, and such an exception should not be read into the Act by implication. *In re Chicago Flood Litigation*, 176 Ill. 2d 179, 195-96 (1997). Section 2—104 is not one of the sections containing an exception for wilful and wanton conduct. The only exception to immunity under section 2—104 this court has recognized is in cases of bad faith or malicious motives. *River Park, Inc. v. City of Highland Park*, 281 Ill. App. 3d 154, 162-63 (1996), *appeal after remand*, 295 Ill. App. 3d 90 (1998), *rev'd on other grounds*, 184 Ill. 2d 290 (1998). Plaintiffs do not suggest that defendant was guilty of bad faith or acted out of a malicious motive.

The judgment of the circuit court of McHenry County is affirmed.

Affirmed.

GEIGER and THOMAS, JJ., concur.